UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REV. CHARLES MAYFIELD, *et al.*, | No. C-07-0583 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| CITY OF OAKLAND, *et al.*, | **(Docket No. 38)** |
| Defendants. | |
| _____/ | |

       Plaintiffs Rev. Charles Mayfield, Rev. Alonzo Emerson, and Rev. Eddie Owens sued Defendants the City of Oakland, Chief of Police Wayne Tucker, and various other individuals on the executive board of Oakland Police and Chaplains Together ("OPACT"), including the OPACT coordinator Melonie Levine.  Thereafter, the City Defendants -- consisting of the City, Chief Tucker and Ms. Levine -- filed a motion to dismiss, which the remaining individual defendants joined.  The Court granted the motion on August 6, 2007, but gave Plaintiffs leave to amend.  *See* Docket No. 34.  Plaintiffs filed a second amended complaint, which largely contained the same factual allegations as the prior complaint that was dismissed.  The City Defendants again moved to dismiss, and the motion was joined by the remaining individual defendants.  *See* Docket No. 41.  On October 31, 2007, the Court held a hearing on the second motion to dismiss.  Plaintiffs failed to appear at the hearing, and the Court took the matter under submission.

       Having considered the parties' briefs and accompanying motions, the Court hereby **GRANTS** the motion to dismiss.

# I. DISCUSSION

In the second amended complaint, Rev. Mayfield and Rev. Emerson contend that their due process rights were violated based on the failure to provide them with full chaplaincy status. Although not entirely clear, it appears that Rev. Mayfield also asserts that his due process rights were violated when he was terminated. Rev. Owens does not make any claim for violation of due process. *See* Opp'n at 2 ("The Plaintiffs want to make it clear that it is Mayfield and Emerson that are the parties seeking due process relief, not Owens."). Rev. Owens's only claim is that he suffered retaliation because of the exercise of his free speech and/or petition rights. Defendants have moved to dismiss both the due process claims and the retaliation claim.

A. Due Process

As a preliminary matter, the Court notes that it is not clear from the second amended complaint whether Rev. Mayfield and Rev. Emerson are alleging a violation of procedural or substantive due process or both. Regardless, whether the claim is based on procedural and/or substantive due process, Rev. Mayfield and Rev. Emerson must establish a deprivation of a constitutionally protected liberty or property interest. *See Hufford v. McEnaney*, 249 F.3d 1142, 1150 (9th Cir. 2001) (noting that there must be a deprivation of a constitutionally protected liberty or property interest in a procedural due process claim); *Foley v. Bates*, No. C 06-7294 PJH, 2007 U.S. Dist. LEXIS 27390, at *33 (N.D. Mar. 30, 2007) (noting that, for a substantive due process claim, a plaintiff must show a deprivation of life, liberty, or property). The Court concludes that the reverends have failed to establish a deprivation of such an interest.

1. Rev. Mayfield

Rev. Mayfield argues first that his due process rights were violated based on the failure to provide him with full chaplaincy status. The Ninth Circuit, however, has indicated that, "[u]ntil someone actually receives a promotion, or at least a binding assurance of a forthcoming promotion, he cannot claim a property interest in the promotion." *Nunez v. City of Los Angeles*, 147 F.3d 867, 873 (9th Cir. 1998). Rev. Mayfield has failed to allege that he had any legal assurance of a promotion to full chaplaincy status or that there are any substantive limitations on Defendants' denial of such status. Therefore, he has failed to demonstrate a cognizable property interest.

1  Moreover, although some courts have suggested that there could be a property interest in a volunteer
2  position if there were significant benefits to which the volunteer was entitled because of the position,
3  *see, e.g.*, *Versarge v. Township of Clinton*, 984 F.2d 1359, 1370 (3d Cir. 1993) (concluding that
4  benefits received by plaintiff as a volunteer firefighter -- *e.g.*, training, workers' compensation, and
5  access to the firehouse as a social area -- were de minimis and therefore plaintiff was not entitled to
6  the constitutional requirements of due process), Rev. Mayfield has not made any allegations that
7  there are significant benefits to which he would be entitled as a full chaplain (rather than as an
8  associate chaplain) sufficient to create a property interest.

9  Rev. Mayfield further argues that this due process rights were violated when he was
10 terminated from the Vounteer Police Chaplaincy Program.  The Ninth Circuit has indicated that a
11 plaintiff could have a property interest in a volunteer position if the volunteer and the "employing"
12 entity had a mutually explicit understanding that the volunteer could be terminated only on certain
13 grounds.  *See, e.g.*, *Hyland v. Wonder*, 972 F.2d 1129, 1140 (9th Cir. 1992) (holding that plaintiff
14 did not have a cognizable property interest in the perpetuation of his volunteer status at the juvenile
15 probation department; noting that plaintiff did not "allege a mutually explicit understanding on
16 termination conditions" and that, any such promise "would have been void under California law"
17 because noncivil service employees have no property interest in continued employment under
18 California law).  The problem for Rev. Mayfield is that he has failed to demonstrate that there was
19 such an understanding with respect to his position as a volunteer chaplain.

20 Rev. Mayfield relies on Section 7 of the Oakland Police Department's General Order B-16
21 (attached to the second amended complaint as Exhibit A) which addresses reasons for dismissal.
22 *See* SAC, Ex. A at 7.  Section 7 provides as follows:

23     A.   Violations of Chaplain conduct include, but are not limited to:

24          1.   Violation of the Manual of Rules.
             2.   Repeated failure to respond when called.
25          3.   Excessive tardiness.
             4.   Breech [sic] of confidentiality.
26          5.   Failure to perform duties.

27     B.   If one or more of the above actions are performed, the
              Chaplain will be subject to:
28

3

        1.      Counseling with the CC [*i.e.*, Chaplain Coordinator].
        2.      Review by the OPACT Executive Board.
        3.      Dismissal from the program by the Chief of Police.

*Id.* While Section 7 provides some reasons why a volunteer may be dismissed, it does not foreclose a volunteer from being dismissed for other reasons. The section specifically states that violations of chaplain conduct "include, but are *not* limited to . . . ." *Id.* (emphasis added). Furthermore, Section 7(B) states if the chaplain engages in certain actions, he will be subject to dismissal; Section 7(B) does not state that dismissal is limited to those situations. Accordingly, there was no mutually *explicit* understanding between Rev. Mayfield and Defendants that he could be dismissed only for cause. *Cf. Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 63 (9th Cir. 1994) (explaining that, if a city code gave a city official open-ended discretionary factors to consider in determining whether a license should be issued, then a party could not assert a property interest in a license; however, if the city code contained a provision that constrained discretion by an articulable standard, then that would give rise to a legitimate claim of entitlement). Without a mutually explicit understanding setting forth an articulable standard constraining Defendants' discretion, Rev. Mayfield has no cognizable property interest in continuing his position.

      Rev. Mayfield's claim for violation of due process is therefore dismissed.

     2.    <u>Rev. Emerson</u>

      Like Rev. Mayfield, Rev. Emerson contends that his due process rights were violated because of the failure to provide him with full chaplaincy status. For the reasons stated above, Rev. Emerson has failed to allege a cognizable property interest.

B.    <u>Retaliation</u>

      According to the SAC, on November 29, 2006,[1] Rev. Owens wrote a letter to the Mayor's office, stating that he was a witness to the unfair treatment of Rev. Mayfield and others. *See* SAC ¶ 10. Subsequently, on December 21, 2006, Rev. Owens was asked "on extremely short notice" to attend an OPACT meeting. *Id.* At the meeting, Rev. Owens was asked "a number of questions about the situation with Rev. Mayfield." *Id.* In addition, Ms. Levine told him that he was to turn in

---

[1] Although the SAC leaves out the year, presumably, Plaintiffs mean 2006.

4

his badge and identification card on the spot. *See id.* When Rev. Owens refused, he was asked to sign a document stating that he would not discuss publicly what was said at the meeting. He was told that, if he did not sign the document, he would be dismissed from the Volunteer Police Chaplaincy Program. *See id.* Based on the above, Rev. Owens contends that his free speech and petition rights were violated when Defendants "forced him to come to the [OPACT] meeting, threatened him with firing, and forced him to sign a letter agreeing to remain silent, all in retaliation for the letter he wrote to the Mayor's office." SAC ¶ 17.

Defendants argue that the retaliation claim should be dismissed because Rev. Owens has failed to show that his speech or petition involved a matter of public concern. *See Rendish v. City of Tacoma*, 123 F.3d 1216, 1222 (9th Cir. 1997) ("[I]n order to be constitutionally protected under either the Speech Clause or the Petition Clause, a public employee's actions must involve a matter of public concern."). The Court agrees. The Court has already determined that the situation involving Rev. Mayfield did not involve a matter of public concern. Rather, the situation simply concerned what was essentially a complaint over internal office affairs. *See* Docket No. 34 (order granting first motion to dismiss). The SAC does not change this conclusion. Rev. Owens' speech and petition related to the Rev. Mayfield situation is therefore no different.

## II. CONCLUSION

For the foregoing reasons, the Court dismisses the second amended complaint. The dismissal shall be with prejudice. The Clerk of the Court is directed to enter judgment in favor of Defendants and close the file in this case.

This order disposes of Docket No. 38.

IT IS SO ORDERED.

Dated: November 2, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge

5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REV. CHARLES MAYFIELD, *et al.*,              No. C-07-0583 EMC

       Plaintiffs,

  v.

                                     **CERTIFICATE OF SERVICE**

CITY OF OAKLAND, *et al.*,

       Defendants.
_____/

      I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

| | |
|---|---|
| James Shum<br>455 Seventh Street<br>Oakland, CA 94607 | Malvina Stephens<br>455 Seventh Street<br>Oakland, CA 94607 |
| Lena Edmund<br>455 Seventh Street<br>Oakland, CA 94607 | Rufus Robbins<br>455 Seventh Street<br>Oakland, CA 94607 |

Dated: November 2, 2007                RICHARD W. WIEKING, CLERK
                                                      By:   Leni Doyle
                                                                Deputy Clerk

**United States District Court**
For the Northern District of California